STATE OF NEBRASKA, APPELLEE, V. WILLIAM WHITNEY, APPELLANT.

274 N. W. 2d 165

Filed January 17, 1979. No. 42166.

T. Clement Gaughan, Lancaster County Public Defender, and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

WHITE, J.

The defendant was convicted of the offense of burglary of the Thomsen Music store, 2641 No. 48th Street, Lincoln, Nebraska. Defendant appeals. The defendant assigns one error in this court, i.e., the verdict is not sustained by sufficient evidence and is contrary to law. We affirm.

"The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such a conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt." State v. Journey, 201 Neb. 607, 271 N. W. 2d 320.

The defendant was identified by the manager of the Thomsen Music store as having been in his store on January 26, 1978, for approximately 1 hour with a companion, Mark Trautner. The two parties were

playing a Gibson Standard guitar and a Ricken-backer stereo electric bass guitar. A hold was placed on the guitars indicating they were not for sale because the defendant and his companion indicated they would be back for them.

Shortly before 6 a.m., on January 27, 1978, Sergeant Larsen of the Lincoln Police Department was driving his cruiser northbound on 48th Street approaching St. Paul Street when he observed a man running in an easterly direction along the sidewalk area on the south side of St. Paul Street in the crosswalk on No. 48th Street carrying a guitar in each hand. The intersection of St. Paul and 48th Streets is less than 1 block from Thomsen Music store. One of the guitars was dark colored and the second guitar was lighter. The light was sufficient for him to identify the tags attached to the guitars. The person was observed by Sergeant Larsen to be wearing a green hooded parka with the hood up and the strings closed around the hood and blue jeans. Sergeant Larsen followed the suspect for a time. He observed the suspect climb a fence and then later observed two guitars, one approximately 75 feet from the fence and one in a driveway nearby. When the officer observed the suspect climbing the fence, he drove his automobile to the alley which runs opposite the direction in which the suspect was traveling, did not observe him, and returned to the fence. Sergeant Larsen observed tracks, which appeared to be those of a hiking boot and a sole of a type characterized as a "waffle stomper," at the residence at 2621 No. 49th Street. He also observed a door ajar. As he approached the residence, two persons came out the door, one identified as a Joe Holm who is a resident at the address and the other, defendant William Whitney. The defendant was arrested at that time. He was then wearing a green hooded parka with the hood drawn tightly over his head, blue jeans, and hiking boots, which were later examined

and found to be a type known as a "waffle stomper."
The witness Joe Holm testified that he was in bed in
his bedroom at his parents' home at the above ad-
dress, that he was awake, and that a man entered
through his bedroom into another room.  He fol-
lowed the man, later identified as the defendant, into
yet another room and found him in a closet.  In re-
sponse to the question:  "What are you doing in my
closet?"  the defendant responded:  "Where are the
police?"  The witness said he had not seen nor was
he acquainted with the defendant prior to this meet-
ing.  The witness urged the defendant to leave.  It
was as he was leaving through the outside back door
that the defendant was met by Sergeant Larsen and
was arrested.  The defendant does not dispute that
there was a burglary at the Thomsen Music store.
The guitars were identified by the manager as hav-
ing been in inventory and, indeed, as having been
played by the defendant and a companion on the day
previous.  The entry was conclusively shown to be
by force, a chunk of cement having been thrown
through a reinforced plate glass door.  The tracks
found, both near the fence at the home residence and
at the rear door of the Thomsen Music store, were
shown to match the tread on the boots of the defend-
ant.  All prints were measured against the defend-
ant's boots and found to be of the same size.  Under
the test for circumstantial evidence, there is no
rational hypothesis other than the guilt of the de-
fendant.

The judgment of the trial court was correct and is
hereby affirmed.

AFFIRMED.